# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMES CASWELL JONES )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | Case No. CV408-051<br>CR405-283 |

## ORDER

On remand from the Eleventh Circuit, *Jones v. United States*, ___ F. App'x ___, 2011 WL 4425315 (11th Cir. Sep. 23, 2011), this Court must now reconsider James Caswell's Jones' 28 U.S.C. § 2255 motion in light of an intervening change in the law. The relevant background:

> On May 31, 2002, a Georgia detective arrested Jones on an outstanding warrant for failure to pay child support. While searching Jones and his vehicle incident to arrest, the officer found marijuana, crack cocaine, and $452 in cash.
>
> On June 1, 2002, Jones appeared before a Georgia magistrate judge for an initial appearance and bond hearing on the state charges of intent to distribute marijuana and cocaine. Jones filled out a form requesting the representation of counsel and stating that he could afford to retain counsel.
>
> After the hearing, the arresting officer advised Jones of his

*Miranda* rights, obtained a signed waiver of those rights, and questioned Jones about the pending state charges. Jones then confessed to possessing the drugs and cash seized during his arrest and revealed that he had "a little bit of marijuana" at his house. Although Jones refused to consent to a search of his home, the officer used Jones's admission to obtain a search warrant for Jones's home. During the subsequent search of Jones's home, the officer found marijuana, two shotguns, and a 9mm pistol.

After the discovery of the firearms, a federal grand jury indicted Jones for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Two), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). Following a jury trial in 2006, Jones was convicted on all three counts.

*Jones*, 2011 WL 4425315 at * 1 (footnotes omitted).

Following his direct appeal, which affirmed his conviction, Jones filed his § 2255 motion here alleging ineffective assistance of counsel (IAC) by his attorney, Joseph Rahimi, based on his failure to file a timely motion to suppress asserting that the police violated the Sixth Amendment by interrogating Jones after he had invoked his right to counsel during his initial state court appearance. In reliance on *Michigan v. Jackson*, 475 U.S. 625 (1986) (after invocation of the right to counsel at an arraignment or similar proceeding, any subsequent waiver of that right during police-initiated interrogation is invalid), this Court

2

agreed that Rahimi was ineffective. The Court thus vacated the firearm conviction (Count Three), because the "spoiled-fruit" firearms were seized during the search of Jones's home following the illegal interrogation, but it denied Jones's motion to vacate his drug convictions (Counts One and Two), reasoning that he failed to show prejudice since the government had "offered sufficient untainted evidence of Jones's guilt" to sustain those convictions. *Jones*, 2011 WL 4425315 at * 2. So, this Court re-sentenced Jones to time served but continued his supervised release. *Id.*

The government did not appeal the Count Three ruling, *Jones*, 2011 WL 4425315 at * 4 n. 4, so Count Three is no longer part of this case. Jones appealed this Court's refusal to vacate Counts One and Two. During that appeal, the Supreme Court expressly overruled *Michigan v. Jackson. Montejo v. Louisiana*, 556 U.S. 778 (2009). Now

> a defendant's request for counsel at arraignment creates no presumption invalidating a defendant's subsequent waiver of his right to counsel at police-initiated interrogation. However, although a defendant no longer enjoys a presumption that his waiver of his right to counsel was invalid, [he] may still assert that his waiver was invalid for other reasons, such as that the waiver was not knowing, voluntary, and intelligent. *Montejo*, 129 S. Ct. at 2085. Noting that the defendant in *Montejo* had not pursued any

alternative challenge to his waiver (because the waiver was *per se* invalid under *Jackson*), the Supreme Court concluded that remand was necessary to allow the defendant to pursue any alternative avenue for relief from his putative waiver. *Id.* at 2091–92.

*Jones*, 2011 WL 4425315 at * 4.

As in *Montejo*, Jones here relied on *Jackson's* presumption that his waiver was invalid, so he presented no alternative basis for invalidating his waiver. *Jones*, 2011 WL 4425315 at * 4. He thus is now similarly entitled to this Court's determination "in the first instance whether he has any meritorious basis to challenge his waiver of the right to counsel at the police-initiated interrogation (and in turn his confession and the evidence obtained from the search of his home)." *Id.* And since *Montejo* governs, this Court may "determine that he is not entitled to any relief under § 2255 on either of Counts One and Two." *Id.*

But there is a second issue here: What if, as the government has argued, Jones cannot show prejudice because, even if the allegedly tainted evidence was suppressed, the *untainted* evidence was sufficient to support Jones's drug convictions on Counts One and Two? In that case remand may be moot, said the *Jones* court. *Jones*, 2011 WL 4425315 at * 4.

But the *Jones* panel also ruled that this Court, in its initial pass on this issue, "erred by using a sufficiency-of-the-untainted-evidence standard under *Strickland's* prejudice prong." *Id.* Instead, it should have used the "totality of the evidence" standard. *Id.* The difference, *Jones* further explained, is this: Some of the jury's factual findings may well have been unaffected by an attorney's errors. Hence, "[t]aking the unaffected findings as a given, and taking due account of the effect of the [attorney's] errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Jones*, 2011 WL 4425315 at * 4 (quoting *Strickland*, 466 U.S. at 695-96).

*Jones* didn't stop there. Indeed, it partially answered that question by reviewing the tainted and untainted evidence,[1] then proffered its own

---

[1] The "untainted evidence against Jones," said the panel:

> included: (1) two bags of marijuana, (2) a container filled with ten pieces (weighing only 1.4 grams) of a substance containing cocaine, (3) $452 in cash, and (4) a 1991 conviction for possession of cocaine with intent to distribute. With the exception of the prior felony conviction, all of this evidence was obtained during a valid search incident to an arrest for unpaid child support.

5

assessment:

> If Jones successfully challenges his waiver, *we are convinced* that there is a reasonable probability that without the tainted evidence Jones would *not* have been convicted pursuant to § 841(a)(1) on either of Counts One or Two. Had the jury been presented with only the untainted evidence, Jones could have avoided conviction by arguing that the drug amounts found during the search incident to arrest were consistent with personal use, and that the $452 in cash was consistent with a normal paycheck. In other words, admission of the tainted evidence -- particularly Jones's statements that he sold drugs and that he did not smoke crack, and the large quantity of marijuana found in his home -- "alter [ed] the entire evidentiary picture," *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069, and rendered any such personal-use argument untenable. Thus, there is a reasonable probability that, but for counsel's error leading to the admission of tainted evidence, the jury would have found that the evidence failed to establish the third element of a § 841(a)(1) offense -- i.e., that Jones intended to distribute the drugs. This probability is sufficient to undermine confidence in the outcome of Jones's trial and convince us that Jones suffered prejudice under the second prong of *Strickland*.

---

The *potentially tainted* evidence admitted against Jones at trial included the following statements made during an unlawful interrogation: (1) that the drugs found in the car belonged to Jones, (2) that Jones sold some drugs to make a little bit of extra money, (3) that Jones sometimes smoked marijuana, but did not smoke crack, and (4) that Jones had "a little bit of marijuana" at his house. Further potentially tainted evidence admitted at trial included the following items found during a search of Jones's home: (1) eighteen bags of marijuana, (2) loose marijuana, (3) three guns, and (4) ammunition. If, on remand, Jones can successfully challenge his waiver of his right to counsel after the initial appearance on the state charges, all of this evidence should have been suppressed.

*Jones*, 2011 WL 4425315 at * 5 (emphasis added).

*Jones*, 2011 WL 4425315 at * 5 (footnote omitted; emphasis added). This conclusion, that court said,

> is bolstered by a review of the indictment. In Count One, the government charged Jones with possession of crack cocaine on May 31, 2002 (the day of his arrest). In Count Two, the government charged Jones with possession of marijuana on June 1, 2002, the day the government searched Jones's home and discovered the 18 bags of marijuana. Thus, although the government notes that Jones possessed an undetermined amount of marijuana on the day of his arrest, Count Two apparently relied *heavily* on evidence that should have been suppressed.

*Id.*, 2011 WL 4425315 at * 5 n. 5 (emphasis added). Given the Eleventh Circuit's evaluation of the evidence, a lot here obviously rides on whether Jones can show that his waiver was invalid under *Montejo*.

To summarize, Jones must now convince this Court[2] that his waiver of his right to counsel is invalid.[3] The government is free to press its argument that, even if the waiver is invalid and the tainted evidence

---

[2] The pursuit of habeas (hence, § 2255) relief will be moot where a sentence has been served and no collateral consequences remain. *Mattern v. Secretary for Dept. of Corrections*, 494 F.3d 1282, 1285-86 (11th Cir. 2007), cited in *Sutton v. Sec'y*, 2009 WL 377174 at * 1 (M.D. Fla. Feb. 12, 2009). Jones has completed his incarceration but is on supervised release until April 20, 2015, so no mootness issue arises here.

[3] The *Jones* court did not state any particular standard of proof. "Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence." *Ortiz v. United States*, 2011 WL 2560146 at * 3 (W.D. Tex. Jun. 28, 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

is suppressed, nevertheless the untainted evidence is sufficient to support Jones's drug convictions on Counts One and Two. Jones must overcome that, too (though, as noted above, the *Jones* panel has already carried him well past the 50 yard line). Jones's failure to make his showing on the first issue obviously will moot the second. In any event he has 30 days from the date this Order is served to do it. The government shall have 30 days to respond, and each side may then reply as they wish. The Court will then determine whether "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," § 2255(b), or whether to hold an evidentiary hearing, vacate the judgment, or grant other relief.[4]

**SO ORDERED** this  2nd  day of November, 2011.

*signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] If a § 2255 movant is entitled to relief, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The Court has broad and flexible power to fashion an appropriate remedy." *Ortiz*, 2011 WL 2560146 at * 3 (quotes, cite and alterations omitted).